IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID DERRINGER,

      Plaintiff,

vs.                                                                      Civ. No. 03-0291 MV/KBM

JOHN CLIFF SNYDER and CATRON
COUNTY SHERIFF DEPARTMENT,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion to Strike, filed March 31, 2003, **[Doc. No. 12]** and Plaintiff's Motion to File Surreply to Motion to Strike, filed May 6, 2003, **[Doc. No. 27]**. In their motion, Defendants seek to have the Court strike certain paragraphs of Plaintiff's Complaint that contain allegations against judicial officers who are not parties to this action. Defendants assert that the allegations contained in these paragraphs constitute "scandalous matters" within the meaning of Fed. R. Civ. P. 12(f).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) provides in pertinent part, that "[u]pon motion made by a party . . . or upon the court's own initiative at any time, the court may order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Motions to strike under Rule 12(f) are viewed with disfavor and are infrequently granted." *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir.1977) (*citing* 5 Wright & Miller, Federal Practice and Procedure: Civil § 1380 at 783 (1969)); *see also*, 2 James Wm. Moore *et al*., Moore's Federal Practice § 12.37[1] (3d ed. 2000) ("Courts disfavor the motion to strike, because

it 'proposes a drastic remedy.'"). The party moving to strike has the burden of showing that the "challenged allegations are so unrelated to plaintiff's claim as to be devoid of merit, unworthy of consideration, and unduly prejudicial." *Vakharia v. Little Company of Mary Hospital and Health Care Centers*, 2 F.Supp.2d 1028, 1033 (N.D.Ill.1998); *see also.Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir.1992).

## DISCUSSION

1.   Local Rules

Plaintiff asserts that Defendants violated D.N.M. LR-Cv 7.4(a) and that this violation mandates that Defendants' motion to strike be summarily denied. Local Rule 7.4(a) states that in *pro se* cases

> [the] Movant must request concurrence of each party, at least (3) working days before filing a motion. Movant must recite that concurrence was refused or explain why concurrence could not be obtained. A motion that omits recitation of a good-faith request for concurrence *may* be summarily denied.

D.N.M. LR-Cv 7.4(a) (emphasis added). Summary denial of a motion for failure to comply with Local Rule 7.4(a) is discretionary. Although it appears that Defendants did not comply with Local Rule 7.4(a), the Court will not summarily deny the motion to dismiss because there is no indication that Defendants intentionally violated the rule and the purposes of the rule--to avoid the filing of uncontested motions-- would not have been fulfilled in this instance because the motion to strike is contested.

2.   Plaintiff's Motion to File a Surreply

Plaintiff has filed a motion seeking to file a surreply. Plaintiff's motion is denied because Defendants' two-paragraph reply brief contains no new legal argument or evidentiary material that

would justify the need for a surreply.  *See, e.g., Doebele v. Sprint/United Mgt. Co.*, 342 F.3d 1117, 1139 n.13 (10th Cir. 2003).

3.   Motion to Strike

Plaintiff's Complaint alleges a wide-spread conspiracy between state judges, state and county officials, his neighbors, and others to deprive Plaintiff of his real property located in Catron County, New Mexico.  As support for this claim, Plaintiff's Complaint contains numerous allegations of wrong-doing by New Mexico state court judges.  Defendants have moved to strike these allegations as "scandalous matters" within the meaning of Fed. R. Civ. P. 12(f).

While the Court appreciates Defendants' concern for the reputation of the New Mexico state court judges named in Plaintiff's Complaint, the Court will deny Defendants' motion to strike the allegations in Plaintiff's Complaint against these judges for several reasons.  First, the allegations at issue, while not stated with the ideal level of civility, are relevant to Plaintiff's conspiracy claim.  Second, the allegations at issue are included in, and elaborated on, in the voluminous briefs filed in this case by Plaintiff and thus would remain part of the public record even if stricken from the Complaint.  Third, the Court takes judicial notice of the fact that the judges whom Defendants seek to protect are named defendants in other cases brought by Plaintiff and that in the cases in which they are named defendants, these judges have not sought to have nearly identical allegations against them stricken.  *See Derringer v. Fitch,* No. CIV-03-149 MV/RLP; *Derringer v. New Mexico Supreme Court,* No. CIV-03-90 MV/WWD; *Derringer v. Chapel,* No. CIV 02-0974-WJ/RLP.  Under these circumstances, the Court declines to exercise its discretion to strike the requested paragraphs in Plaintiff's Complaint.

## CONCLUSION

3

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to File Surreply to Motion to Strike, filed May 6, 2003, **[Doc. No. 27]** is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike, filed March 31, 2003, **[Doc. No. 12] is DENIED.**

Dated this 29th day of March, 2004.

MARTHA VAZQUEZ
U. S. DISTRICT COURT JUDGE

Attorney for Plaintiff:
    David Derringer, *pro se*

Attorney for Defendants:
    Kevin M. Brown, Esq.