IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID DERRINGER,

      Plaintiff,

vs.                                                                     Civ. No. 03-0291 MV/KBM

JOHN CLIFF SNYDER and CATRON
COUNTY SHERIFF DEPARTMENT,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss, filed March 31, 2003, **[Doc. No. 8]** and Plaintiff's Motion to File Surreply to Motion to Dismiss, filed May 6, 2003, **[Doc. No. 29]**. The Court, having considered the motions, briefs, relevant law and being otherwise fully informed, finds that the motion to file surreply will be **DENIED** and the motion to dismiss will be **GRANTED**.

## BACKGROUND

This is one of a number of cases arising from various disputes between Plaintiff David Derringer and his neighbors, Mick and Jennifer Chapel. *See Derringer v. Chapel,* No. CIV 02-0974-WJ/RLP (D.N.M. Oct. 3, 2002) (memorandum opinion and order dismissing case); *Derringer v. D'Antonio,* No. CIV-02-1075 MV/DJS (pending)*; Derringer v. New Mexico Supreme Court,* No. CIV-03-90 MV/WWD (pending); *Derringer v. Fitch,* No. CIV-03-149 MV/RLP (pending);  *Derringer v. Denko*, No. CIV 03-0290 MCA/LAM (D.N.M. Dec. 22, 2003) (memorandum opinion and order dismissing case); *Derringer v. Chapel,* No. CIV 03-804

WJ/RHS (D.N.M. Sept. 4, 2003) (judgment dismissing case); *Nevitt v. Fitch*, No. CIV 03-0155 LFG/WWD (D.N.M. May 19, 2003) (memorandum opinion and order dismissing case); *Nevitt v. Fitch*, No. CIV 02-1580 WPJ/LFG (D.N.M. Dec. 31, 2002) (memorandum opinion and order dismissing case).  Plaintiff, who appears *pro se*, has been enjoined from filing further frivolous lawsuits in this district.  *See Derringer v. Chapel*, No. CIV 03-804 WJ/RHS (D.N.M. Sept. 8, 2003).

In this action, Plaintiff alleges that John Cliff Snyder, Catron County Sheriff, and the Catron County Sheriff Department ("Defendants"), violated his rights under the Fourteenth Amendment of the United States Constitution, as well as under several federal civil rights statutes, by failing to arrest or take enforcement action against other individuals whom Plaintiff accuses of violating New Mexico's laws.  Plaintiff contends that Defendants' failure to take action against these individuals for the alleged violations of state and federal law is evidence that Defendants are complicit in the alleged illegal activities.  Plaintiff's Complaint alleges violations of 42 U.S.C. § 1986 (Count One), 42 U.S.C. § 1983 (Count Two), 42 U.S.C. § 1985(2) & (3) (Count Three), 18 U.S.C. § 241 (Count Three) , 42 U.S.C. § 1981(a) (Count Four), the Fourteenth Amendment (Count Four), 18 U.S.C. § 1505 (Count Five), 18 U.S.C. § 1512 (Count Six), 18 U.S.C. § 373 (Count Seven) and 18 U.S.C. § 1959 (Count Seven).  Plaintiff seeks monetary damages as well as injunctive relief.

Defendants filed the instant motion to dismiss, asserting that Plaintiff's entire action should be dismissed because Defendant Snyder is entitled to qualified immunity; Plaintiff does not have standing to bring the asserted claims; Plaintiff is not a member of a protected class which entitles him to relief under 42 U.S.C. §§ 1981, 1985 or 1986; and the criminal statutes Plaintiff relies

upon do not create a private cause of action.

## **MOTION TO DISMISS STANDARD**

The Court may not dismiss a cause of action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts supporting his or her claim that would entitle him or her to relief.  *See, e.g.*, *H.J. Inc. v. Northwestern Bell Tel. Co.,* 492 U.S. 229, 249-50 (1989).  When considering a motion to dismiss, the Court must assume as true all well-pleaded facts, and must draw all reasonable inferences in favor of the plaintiff.  *See Housing Auth. of the Kaw Tribe v. City of Ponca City,* 952 F.2d 1183, 1187 (10th Cir. 1991).  The issue in reviewing the sufficiency of a complaint "is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support the claim."  *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).  "[G]ranting a motion to dismiss is 'a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice.'"  *Cayman Exploration Corp. v. United Gas Pipe Line Co.,* 873 F.2d 1357, 1359 (10th Cir. 1989)*,* (quoting *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir.1986)).

While a court must construe a *pro se* plaintiff's pleadings liberally, mere conclusory allegations will not support a claim without supporting factual averments.  *Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995); *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).  The court is not obliged to craft legal theories for the *pro se* plaintiff nor may the court supply factual allegations to support a *pro se* plaintiff's claim for relief.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## **DISCUSSION**

1.  Local Rules

Plaintiff asserts that Defendants violated D.N.M. LR-Cv 7.4(a) and that this violation mandates that Defendants' motion to dismiss be denied. Local Rule 7.4(a) states that in *pro se* cases

> [the] Movant must request concurrence of each party, at least (3) working days before filing a motion. Movant must recite that concurrence was refused or explain why concurrence could not be obtained. A motion that omits recitation of a good-faith request for concurrence *may* be summarily denied.

D.N.M. LR-Cv 7.4(a) (emphasis added). Summary denial of a motion for failure to comply with Local Rule 7.4(a) is discretionary. Although it appears that Defendants did not comply with Local Rule 7.4(a), the Court will not summarily deny the motion to dismiss because there is no indication that Defendants intentionally violated the rule and the purposes of the rule--to avoid the filing of uncontested motions-- would not have been fulfilled in this instance because the motion to dismiss is contested.

2.  Plaintiff's Motion to File a Surreply

Plaintiff has filed a motion seeking to file a surreply. Plaintiff's motion is denied because Defendants' reply brief contained no new legal argument or evidentiary material that would justify the need for a surreply. *See, e.g., Doebele v. Sprint/United Mgt. Co.*, 342 F.3d 1117, 1139 n.13 (10th Cir. 2003). In addition, the Court has reviewed the proposed surreply and supporting materials attached to Plaintiff's motion and finds no additional grounds therein that would entitle Plaintiff to the relief he requests in this matter.

   3.   Qualified Immunity

Defendant Snyder asserts that he is entitled to qualified immunity. "The doctrine of qualified immunity provides that governmental officials generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "To reach the question of whether a defendant official is entitled to qualified immunity, a court must first ascertain whether the plaintiff has sufficiently asserted the violation of a constitutional right at all." *Martinez v. Mafchir*, 35 F.3d 1486, 1490 (10th Cir.1994) (citing *Siegert v. Gilley*, 500 U.S. 226, 231-32 (1991)). If the court determines that the plaintiff's allegations, if true, state a claim for a violation of a constitutional or statutory right, the court must then determine if this constitutional or statutory right was clearly established at the time of the alleged violation. *See Romero v. Fay*, 45 F.3d 1472, 1475 (10th Cir. 1995). "'Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains.'" *Albright v. Rodriquez*, 51 F.3d 1531, 1535 (10th Cir. 1995) (quoting *Medina v. City & County of Denver*, 960 F.2d 1493, 1498 (10th Cir. 1992)). If the plaintiff fails to show the defendants violated a constitutional or statutory right, or that the asserted right was clearly established under the law, the defendant is entitled to qualified immunity. *Id*.

The Court, therefore, will first determine whether Plaintiff's allegations, if true, state a claim for a violation of a clearly established constitutional or statutory right.

A.   Plaintiff's Civil Claims

Plaintiff alleges that Defendant Snyder's failure to arrest or take enforcement action against Plaintiff's neighbors, as well as a number of state and local officials, for conduct which Plaintiff regards as illegal, violated his rights under 42 U.S.C. § 1983, the 14th Amendment, 42 U.S.C. § 1981(a), 42 U.S.C. § 1982, and 42 U.S.C. § 1985(2) & (3).

1.   42 U.S.C. § 1983 Claim (Count II)

Plaintiff asserts that Defendant Snyder violated 42 U.S.C. § 1983.  Section 1983, however, is not an independent source of substantive rights, but rather a mechanism for enforcing federal rights conferred elsewhere.  Consequently, the Court's analysis must focus on the Plaintiff's alleged violations of other federal rights.

2.   Fourteenth Amendment (Count IV)

The Fourteenth Amendment provides that no state "shall deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. Amend XIV.

a.   Due Process Claim

The circumstances under which the Fourteenth Amendment requires an individual police officer to arrest a person or take other protective action based on a third party's suspicions of unlawful activity are very limited.  "[N]othing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors.  The Clause is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security. It forbids the State itself to deprive individuals of life, liberty, or property without "due process of law," but its language cannot fairly be extended to

impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means." *DeShaney v. Winnebago County Dep't of Soc. Serv.*, 489 U.S. 189, 195 (1989). "Consistent with these principles, our cases have recognized that the Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." *Id.* at 196. "If the Due Process Clause does not require the State to provide its citizens with particular protective services, it follows that the State cannot be held liable under the Clause for injuries that could have been averted had it chosen to provide them." *Id.* at 196. Plaintiff asserts no valid exception to the rule. As there is no clearly established law requiring Defendant Snyder to act in the manner requested by Plaintiff under these circumstances, Defendant Snyder is entitled to qualified immunity with respect to Plaintiff's due process claims.[1]

    b. Equal Protection Claim

Equal protection jurisprudence has long recognized that some degree of selectivity in the law enforcement arena is constitutionally permissible. *See Oyler v. Boles*, 368 U.S. 448, 456 (1962). "Mere negligence or mistake resulting in uneven application of the law is not an equal protection violation." *Roe v. Keady*, 329 F.3d 1188, 1191-92 (10th Cir. 2003). "To sustain a claim under the Equal Protection Clause, a plaintiff must provide evidence that he was treated

---

[1] There are limited circumstances in which a police officer's failure to conduct an arrest mandated by a state statute can give rise to a procedural due-process violation. *See, e.g., Gonzales v. City of Castle Rock*, 307 F.3d 1258, 1266 (10th Cir. 2002) (enforcement of restraining order in domestic relations proceeding where probable cause exists). Those circumstances are not present here, however, because the allegations in Plaintiff's Complaint do not involve the type of mandatory statute at issue in *Gonzales*, and Plaintiff alleges no valid, underlying order from the state court that would require Defendant Snyder to take the kind of action requested by Plaintiff in this instance or create a statutory entitlement to such action.

differently from others who are similarly situated to him, and that the acts forming the basis of the plaintiff's claim were motivated by a discriminatory purpose." *Marshall v. Columbia Lea Reg. Hosp.*, 345 F.3d 1157, 1179 (10th Cir. 2003).

The equal protection claims in Plaintiff's Complaint lack factual support. In particular, the Complaint lacks any supporting factual averments to show that Plaintiff is a member of a recognized protected class or that Defendant Snyder's conduct was imbued with an impermissible discriminatory animus with respect to that class. The lack of factual support is fatal to Plaintiff's equal protection claim against Defendant Snyder.

       3.     42 U.S.C. §§ 1981, 1985(2) & 1985(3) (Counts III & IV)

Plaintiff's equal protection claims under 42 U.S.C. § 1981, § 1985(2) and § 1985(3) fail for the same reason. To prevail under 42 U.S.C. § 1981, Plaintiff "must prove by a preponderance of the evidence that the defendant intentionally discriminated against him . . . on the basis of race." *The Guides, Ltd. v. The Yarmouth Group Property Mgt., Inc.*, 295 F.3d 1065, 1073 (10th Cir. 2002). To establish an actionable conspiracy under 42 U.S.C. § 1985(3) or the equal protection clause of 42 U.S.C. § 1985(2), Plaintiff must prove that the conspiracy was motivated by "some racial or otherwise class-based discriminatory animus." *See Dixon v. City of Lawton*, 898 F.2d 1443, 1447 (10th Cir. 1990) (quotation omitted). Plaintiff's Complaint lacks any supporting factual averments that would tend to show a discriminatory racial or class-based animus on the part of Defendant Snyder. Under these circumstances, there is no clearly established law that would result in a waiver of Defendant Snyder's qualified immunity with respect to Plaintiff's claims under 42 U.S.C. § 1981, § 1985 (3), or the equal protection clause of 42 U.S.C. § 1985(2), and Plaintiff has failed to state a claim under these statutes as a matter of law.

The first clause of 42 U.S.C. § 1985(2), which is directed at interference with federal judicial proceedings, does not require a showing of racial or class-based discriminatory animus. *See Kush v. Rutledge*, 460 U.S. 719, 726 (1983). This clause does not apply here, however, because it is limited to conspiracies to "deter, by force, intimidation, or threat" any party or witness from attending or testifying in a *federal* court. *See Brown v. Chaffee*, 612 F.2d 497, 502 (10th Cir. 1979) (citing *Brawer v. Horowitz*, 535 F.2d 830, 840 (3d Cir. 1976)); *McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1036 n.2 (11th Cir. 2000). In this case, Plaintiff alleges that he was treated unfairly in state court. While Plaintiff asserts that he has a number of actions pending in federal court, Plaintiff does not contend that Defendant Snyder conspired to interfere with his attendance or testimony in any proceedings in his federal cases. Accordingly, Plaintiff has failed to state a claim under the first clause of 42 U.S.C. § 1985(2).

    4.    42 U.S.C. § 1986 (Count I)

Claims under 42 U.S.C. § 1986 are dependent on the existence of an underlying claim under 42 U.S.C. § 1985. *See Wright v. No Skiter Inc.*, 774 F.2d 422, 426 (10th Cir. 1985); *Taylor v. Nichols*, 558 F.2d 561, 568 (10th Cir. 1977). As Plaintiff has no valid claim under 42 U.S.C. § 1985, his claim under 42 U.S.C. § 1986 also fails.

    5.    Conspiracy Claim Under 42 U.S.C. § 1983

A conspiracy claim under 42 U.S.C. § 1983 requires Plaintiff to plead and prove both the existence of a conspiracy and the actual deprivation of rights. *See Dixon*, 898 F.2d at 1449. As discussed above, Plaintiff has not alleged an actual deprivation of federal rights. Consequently, Plaintiff's conspiracy claim under 42 U.S.C. § 1983 also fails as a matter of law.

    B.    Plaintiff's Criminal Claims (Counts III, IV, V, VI, and VII)

9

Counts III, IV, V, VI and VII of Plaintiff's complaint allege violations of various federal criminal statutes. *See, e.g.*, 18 U.S.C. § 241 (conspiracy against rights); 18 U.S.C. § 373 (solicitation to commit a crime of violence); 18 U.S.C. § 1505 (obstruction of proceedings before departments, agencies, and committees); 18 U.S.C. § 1512 (tampering with a witness, victim, or an informant); 18 U.S.C. § 1959 (violent crimes in aid of racketeering activity). These criminal statutes do not provide a private right of action. *See, e.g., Cok v. Cosentino*, 876 F.2d 1,2 (1st Cir. 1989) ("Generally, a private citizen has no authority to initiate a federal criminal prosecution."). Thus, Plaintiff can neither sue directly under them, nor can he use them as a predicate for a federal civil rights action under 42 U.S.C. § 1983. *See Dugar v. Coughlin*, 613 F. Supp. 849, 852 n.1 (S.D.N.Y. 1985).

Plaintiff's Complaint fails to a claim against Defendant Snyder under any of the federal statutory or constitutional provisions cited. Consequently, Plaintiff has failed to show that Defendant Snyder violated any statutory or constitutional rights and Defendant Snyder is entitled to qualified immunity.

4. Claims Against Defendant Catron County Sheriff Department

For the same reasons discussed above, Plaintiff has failed to state a claim against Defendant Catron County Sheriff's Department. Consequently, the Court will grant Defendant Catron County Sheriff's Department's motion to dismiss for failure to state a claim.

5. Plaintiff's Tort Claim

In Count VI, Plaintiff appears to assert a claim for intentional infliction of emotional distress under New Mexico state law. Defendant Snyder is a public employee and Defendant Catron County Sheriff Department is a state agency within the meaning of the Tort Claims Act. NMSA

1978, §41-4-3(F) (1995).  Consequently, any tort claims asserted against Defendants must be brought within the limitations of the Tort Claims Act.  NMSA 1978, §41-4-2(A) (1976).

Under the Tort Claims Act, Defendants are "granted immunity from liability for any tort except as waived by . . .Section 41-4-5 through 41-4-12 NMSA (1978)."  NMSA 1978, §41-4-4(A) (2001).  Sections 41-4-5 through 41-4-12 do not waive immunity for a claim for intentional infliction of emotional distress.  Accordingly, Plaintiff's claim for intentional infliction of emotional distress must be dismissed.

## **CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to File Surreply to Motion to Dismiss, filed May 6, 2003, **[Doc. No. 29]** is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss, filed March 31, 2003, **[Doc. No. 8]** is **GRANTED**.  Plaintiff's Complaint is dismissed in its entirety.

Dated this 29th day of March, 2004.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT COURT JUDGE

Attorneys for Plaintiff:
    David Derringer, *pro se*

Attorney for Defendants:
    Kevin M. Brown, Esq.