IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID DERRINGER,

    Plaintiff,

vs.                                                                                    Civ. No. 03-0291 MV/KBM

JOHN CLIFF SNYDER and CATRON
COUNTY SHERIFF DEPARTMENT,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion for Reconsideration of the Memorandum and Order of March 29, 2004 Pursuant to Fed. R. Civ. P. Rules 59 & 60 for Violations of Oath, Lack of Jurisdiction and Judicial Capacity, and Working Outside of the Court Record to Grant Illegal Immunity in Bias for the Defendants Not Available Under Law, and Request for a New Trial, filed April 9, 2004, **[Doc. No. 37]**. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the motion is not well-taken and will be **DENIED**.

On March 29, 2004, the Court filed a Memorandum Opinion and Order granting Defendants' Motion to Dismiss, denying Plaintiff's Motion to File Surreply to Motion to Dismiss, and dismissing Plaintiff's Complaint in its entirety. On April 9, 2004, Plaintiff timely filed his motion for reconsideration.

The Federal Rules of Civil Procedure do not provide for motions for reconsideration. When the Court has misapprehended the facts or misapplied the law, however, a party may seek

relief pursuant to Fed. R. Civ. P. 59 or 60.  While Plaintiff seeks relief under Rule 59 and Rule 60, the Tenth Circuit has stated that "regardless of how [a motion] is styled, courts consider a motion filed within ten days of the entry of judgment that questions the correctness of the judgment to be a Rule 59(e) motion."  *Trotter v. Regents of Univ. of New Mexico*, 219 F.3d 1179, 1183 (10th Cir. 2000).  Accordingly, Plaintiff's motion will be considered as a Rule 59(e) motion.

The decision whether to grant or deny a motion under Rule 59 is committed to the court's discretion.  *See, e.g., Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).  A court may grant reconsideration under Rule 59 to (1) correct clear error or prevent manifest injustice; (2) review newly discovered evidence; or (3) review a prior decision in light of a recent change in law.  *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  A motion under Rule 59 does not, however, provide a valid basis "to revisit issues already addressed or advance argument that could have been raised in prior briefing."  *Id*.

In his motion, Plaintiff contends that reconsideration is warranted because the Court's Memorandum Opinion and Order referenced other civil actions that Plaintiff and/or his spouse had filed in this district.  According to Plaintiff, the Court's reference to his other civil cases was improper because a court may not consider matters outside the record in the case before it.  The Tenth Circuit has held that a district court may "take judicial notice, whether requested or not, of its own records and files, and facts which are part of its public records."  *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979) (citations omitted).  "Judicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it."  *Id.*

Plaintiff's allegations in this case were closely related to the allegations in the other civil

2

actions filed by Plaintiff that were cited in the Court's Memorandum Opinion and Order. Thus, under Tenth Circuit law, it was proper for the Court to take judicial notice of those cases. Furthermore, the Court merely noted the existence of Plaintiff's other cases. *See* March 29, 2004 Memorandum Opinion and Order at p. 1 ("This is one of a number of cases arising from various disputes between Plaintiff David Derringer and his neighbors, Mick and Jennifer Chapel."). The Court did not rely upon any facts or rulings in Plaintiff's other cases when determining that Plaintiff had failed to state a claim as a matter of law in this case.

Plaintiff's motion also asserts that he has discovered new evidence supporting his allegations that Defendants conspired to violate his rights. In its Memorandum Opinion and Order, the Court found that Plaintiff had failed to state a claim as a matter of law. Consequently, new evidence of acts similar to those alleged in the Complaint does not affect the Court's ruling.

The remainder of Plaintiff's motion revisits issues addressed in prior briefings, discusses matters not before the Court (such as matters related to Plaintiff's bankruptcy proceeding), and makes unsupported allegations of judicial misconduct. None of these arguments provides a basis for the Court to reconsider its decision.

The Court finds that it has not misapprehended the facts, the controlling law or Plaintiff's position and that Plaintiff has provided no basis for the Court to reconsider its prior rulings as articulated in its March 29, 2004 Memorandum Opinion and Order.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration of the Memorandum and Order of March 29, 2004 Pursuant to Fed. R. Civ. P. Rules 59 & 60 for Violations of Oath, Lack of Jurisdiction and Judicial Capacity, and Working Outside of the Court Record to Grant Illegal Immunity in Bias for the Defendants Not Available Under Law, and

Request for a New Trial, filed April 9, 2004, **[Doc. No. 37]** is **DENIED**.

Dated this 24th day of May, 2004.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT COURT JUDGE

Attorneys for Plaintiff:
    David Derringer, *pro se*

Attorney for Defendants:
    Kevin M. Brown, Esq.